UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

_____

UNITED STATES OF AMERICA          :
                                  :
          v.                      :          No. 5:10-cr-00632
                                  :
ANSELMO JESUS RIVERA,             :
          Defendant               :
_____

**O P I N I O N**
**Motions for early termination of supervised release, ECF Nos. 135, 138 - Denied**

**Joseph F. Leeson, Jr.**                                **February 4, 2026**
**United States District Judge**

## I.      INTRODUCTION

Defendant Anselmo Jesus Rivera is currently serving an eight-year term of supervised release, which is expected to expire on or about May 13, 2030.  He seeks early termination of that remaining time due to his good behavior and compliance.  The Government opposes his request.  For the reasons stated below, the Court denies the motions.

## II.     BACKGROUND

In 2008, the Lancaster County Drug Task Force executed a search warrant at Rivera's apartment, which was located within 1,000 feet of the Buehrle Alternative High School.  *See* Resp. 1-2 (citing Presentence Report), ECF No. 137.  After announcing their presence and entering the apartment, officers observed Rivera running into the rear bedroom from the bathroom.  *See id.*  In the bathroom, they recovered a bag containing cocaine base (crack) floating in the toilet and another bag on the floor.  *See id.*  They also recovered 160 grams of crack cocaine from the front bedroom, a loaded Smith and Wesson firearm in the kitchen, and a

loaded Taurus firearm in the rear bedroom where Rivera was arrested. *See id.* The total weight of the cocaine base recovered was 167.7 grams. *See id.*

On July 11, 2011, following a jury trial, Rivera was convicted of possession with intent to distribute 50 grams or more of cocaine base within 1,000 feet of a school in violation of 21 U.S.C. § 860, of possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c), and of possession of a firearm by a felon in violation of 18 U.S.C. § 922(g)(1). *See* ECF Nos. 81-82. Rivera had numerous prior convictions, resulting in a criminal history category V. *See* Resp. 2. He was originally sentenced to a total term of imprisonment of 186 months,[1] to be followed by eight (8) years of supervised release. *See* ECF No. 92. During the subsequent habeas proceedings, the Government agreed that the sentence should be reconsidered to afford Rivera the benefit of the Fair Sentencing Act of 2010, which lowered the penalties for crack cocaine offenses.[2] *See* Resp. 2. On June 25, 2014, Rivera was resentenced to a total term of imprisonment of 126 months, to be served consecutively to his state-court sentences and to be followed by eight (8) years of supervised release. *See* ECF No. 120. Rivera began serving his term of supervised release after his release from custody on May 13, 2022. *See* Resp. 2.

On or about December 1, 2025, Rivera filed a request for early relief from supervised release. ECF No. 135. The Government filed a response in opposition. ECF No. 137. Thereafter, Rivera filed a Motion for Early Termination of Supervised Release. ECF No. 138.

---

[1]    This sentence was below the Guidelines range of 210-248 months (151-188 months, plus a consecutive 60 months on the 18 U.S.C. § 924(c) conviction). *See* Re-Sent. Mem. 4, ECF No. 118.
[2]    The amendments, as applied here, lowered Rivera's mandatory term for the drug offenses from ten (10) years to five (5) years. *See* Re-Sent. Mem. 5-7. In accordance with this change, the Government recommended that Rivera's sentence be reduced by five years. *See id.*

Collectively, these motions, ECF Nos. 135 and 138, are based on Rivera's alleged: (1) perfect compliance with supervision (no violations), (2) employment stability and community reintegration, (3) satisfaction of all financial obligations, and (4) cooperation with probation. The supervising probation officer advised the Court that he does not object to Rivera's request.

**III.    STANDARD OF REVIEW – Early Termination of Supervised Release**

After a defendant has served at least one year of supervised release, a district court, after considering the factors set forth in 18 U.S.C. § 3553(a), has the discretion to terminate the remainder of the term "if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1); *United States v. Melvin*, 978 F.3d 49, 53 (3d Cir. 2020).  In weighing such a request, a district court must consider the factors set forth in 18 U.S.C. § 3553(a).  *See* 18 U.S.C. § 3583(e).  "District courts are not required to make specific findings of fact with respect to each of these factors; rather, 'a statement that [the district court] has considered the statutory factors is sufficient.'"  *Melvin*, 978 F.3d at 52-53 (quoting *United States v. Gammarano*, 321 F.3d 311, 315–16 (2d Cir. 2003)).  The court's level of discretion is "considerable."  *United States v. Fattah*, No. 23-1064, 2023 WL 4615300, at *2 (3d Cir. July 19, 2023) (citing *United States v. Sheppard*, 17 F.4th 449, 457 (3d Cir. 2021)).

Effective November 1, 2025, the United States Sentencing Commission released a policy statement clarifying that courts considering requests for early termination should also, in addition to weighing the considerations under § 3583(e)(1), engage in an "individualized assessment of the need for ongoing supervision . . . following consultation with the government and the probation officer."  U.S.S.G. § 5D1.4(b).  The Commission provided guidance on the same, indicating that courts "may wish to consider" factors relating to the defendant's patterns of

behavior thus far on supervision, and the defendant's predicted behavior beyond the period of supervision. *See id.* at cmt. n.1(B).[3]

Courts have before suggested that "early termination of supervised release under § 3583(e)(1) should occur only when the sentencing judge is satisfied that 'new or unforeseen circumstances' warrants it." *See United States v. Davies*, 746 F. App'x 86, 89 (3d Cir. 2018) (referencing *United States v. Lussier*, 104 F.3d 32, 36 (2d Cir. 1997)). However, the Third Circuit Court of Appeals has made clear that this is not a firm rule or requirement. *See Melvin*, 978 F.3d at 53 ("disavow[ing] any suggestion that new or unforeseen circumstances *must* be shown" (emphasis added)). "In other words, extraordinary circumstances *may* be sufficient to justify early termination of a term of supervised release, but they are not *necessary* for such termination." *Id.* (emphasis modified) (citing *United States v. Murray*, 692 F.3d 273, 279 (3d

---

[3]    The Commission gave the following commentary regarding § 3583(e)(1):

When determining whether to terminate the remaining term of supervised release under subsection (b), the court may wish to consider such factors as:

> (i) any history of court-reported violations over the term of supervision;
> (ii) the ability of the defendant to lawfully self-manage (*e.g.*, the ability to problem-solve and avoid situations that may result in a violation of a condition of supervised release or new criminal charges);
> (iii) the defendant's substantial compliance with all conditions of supervision;
> (iv) the defendant's engagement in appropriate prosocial activities and the existence or lack of prosocial support to remain lawful beyond the period of supervision;
> (v) a demonstrated reduction in risk level or maintenance of the lowest category of risk over the period of supervision; and
> (vi) whether termination will jeopardize public safety, as evidenced by the nature of the defendant's offense, the defendant's criminal history, the defendant's record while incarcerated, the defendant's efforts to reintegrate into the community and avoid recidivism, any statements or information provided by the victims of the offense, and other factors the court finds relevant.

*Id.* at cmt. n.1(B).

Cir. 2012)).  This is because, where a district court pronounces a sentence that is "sufficient, but not greater than necessary," *see* 18 U.S.C. § 3553(a), a defendant's motion for early termination of supervised release leads the court to ask whether "something [has] changed in the interim that would justify an early end to a term of supervised release," *Melvin*, 978 F.3d at 53.

## IV.    ANALYSIS

This Court, after considering the relevant factors under 18 U.S.C. § 3553(a) and making an individualized assessment of the need for ongoing supervision, concludes that early termination of Rivera's supervised release is not warranted.

As for "the nature and circumstances of the offense and the history and characteristics of the defendant," *see* 18 U.S.C. § 3553(a)(1), the offenses are very serious.  Rivera had several bags of crack cocaine (more than 160 grams) and two loaded firearms in different rooms of his apartment, which was located within 1,000 feet of a school.  *See* Resp. 1-2.  He did not lawfully possess either firearm because of his criminal history, which dates back to when he was sixteen (16) years old.  *See* Sent. Mem. 1, ECF No. 87; Def. Sent. Mem. 2, ECF No. 86.  Rivera was twenty-seven (27) years old when sentenced in the above-captioned case and had already amassed eleven (11) criminal history points.  *See* Def. Sent. Mem. 2-3.  Seven (7) of those points involved driving under the influence, eluding police, and possession of controlled substances. *See* Def. Sent Mem. 2.  Rivera also had convictions for reckless endangerment, criminal trespass, and possession of a firearm without a license.  *See* Resp. 2.  Significantly, Rivera committed some of these crimes while under supervision for a prior firearms offense.  Sent. Mem. 1.  His failure to adhere to supervision and his disregard for the law were seen again while out of bail in the above-captioned case when he was arrested for almost identical conduct.  *See* Sent. Mem. 1, 4-5 (describing Rivera's arrest: "he was the sole occupant of an automobile which contained

another stolen firearm and an additional quantity of crack cocaine"). Despite these aggravating factors, Rivera received a sentence below the Guidelines range. This Court finds that further reducing that sentence would not "reflect the seriousness of the offense, [] promote respect for the law, [or] provide just punishment for the offense." 18 U.S.C. § 3553(a)(2)(A).

As for the need "to afford adequate deterrence to criminal conduct" and "to protect the public from further crimes of the defendant," *see* 18 U.S.C. § 3553(a)(2)(B)-(C), early termination of supervised release would not be consistent with these goals. Rivera's lengthy criminal history shows that he was not deterred by prior sentences, nor was he deterred by court-imposed supervision either on parole or on pretrial release. Rivera therefore has a high risk of recidivism. This Court recognizes that he has not had any violations to date, but terminating his supervised release when he has not even completed half of his term would not deter criminal conduct or protect the public from further crimes by Rivera.

Termination at this early date also would not be consistent with the need for the sentence "to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner," *see* 18 U.S.C. § 3553(a)(2)(D). Although there is no indication that Rivera was using crack cocaine; rather, he was arguably selling solely for profit, *see* Sent. Mem. 5, he began using marijuana on a consistent basis at age thirteen (13) and has prior convictions for possession of a controlled substance. At sentencing, the Court found that Rivera needed substance abuse treatment and therefore ordered treatment as a condition of supervised release. *See* Jdgmt 4, ECF No. 92. *See also* Def. Sent. Mem. 2, 8. Although Rivera has not had a positive drug screen while on supervised release, ongoing supervision is warranted given his history of drug use and drug-related convictions. *See United States v. Danko*, No. 3:17-CR-77, 2024 U.S. Dist. LEXIS 78855, at *9 (M.D. Pa. Apr. 30, 2024)

(finding that the nature and circumstances of the offense in which a large quantity of heroin was distributed, "combined with [Defendant's] lengthy history of drug and alcohol abuse since the age of 12 years-old, weigh heavily in favor of not terminating Defendant's supervision early"); *United States v. Miles*, No. 13-252, 2020 U.S. Dist. LEXIS 150883, at *9 (W.D. Pa. Aug. 20, 2020) ("[T]he fact of compliance may very well mean that supervision is serving its deterrent and rehabilitative purposes and continuation of it to full term will achieve its desired effects on the supervised individual and community.").

This Court recognizes that Rivera has been compliant with the terms of supervision, has cooperated with his supervising officer, and has satisfied his financial obligations. However, "the fact of compliance alone is typically not a sufficient reason to warrant the early termination of supervised release in most cases." *United States v. Benninghoff*, No. 23-19, 2025 U.S. Dist. LEXIS 13047, at *3-4 (W.D. Pa. Jan. 24, 2025) (denying the motion for early termination of supervised release). Rivera's adjustment to life outside of prison and success in building his own business are commendable, but "successes are exactly what supervised release contemplates." *United States v. Boslet*, No. 3:15-12, 2025 U.S. Dist. LEXIS 182515, at *4-5 (W.D. Pa. Sep. 17, 2025). There is no evidence that Rivera's conditions of supervision are either too harsh or inappropriately tailored to achieve the goals outlined in § 3553(a). For all these reasons, this Court remains satisfied that the initial term of supervised release is "sufficient, but not greater than necessary." *See* 18 U.S.C. § 3553(a). Therefore, a reduction when Rivera has not yet served half of his supervised release term would not be consistent with the § 3553(a) factors or in the interest of justice. *See United States v. Parrish*, No. 91-56, 2021 U.S. Dist. LEXIS 217598, at *8 (D.N.J. Nov. 10, 2021) (denying early termination of supervised release, of which the defendant had not yet served half of his term, because the court "remain[ed] satisfied that upon

[sentencing], the imposition of [the defendant]'s sentence was appropriate in that it was sufficient but not greater than necessary to achieve the sentencing goals outlined in § 3553(a)" (internal; quotations omitted)).

**V.        CONCLUSION**

After consideration of the factors in 18 U.S.C. § 3553(a) and an individualized assessment of the need for ongoing supervision, this Court finds that it is not in the interest of justice to terminate Rivera's supervised release at this time.

A separate order follows.

BY THE COURT:

*/S/ JOSEPH F. LEESON, JR.*
JOSEPH F. LEESON, JR.
United States District Judge